THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANNY LEROY LOGUE aka DANNY RAY STURGIS,<br><br>Petitioner,<br><br>v.<br><br>BRIAN REDD,<br><br>Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:24-cv-00758-AMA<br><br>District Judge Ann Marie McIff Allen |

Utah Inmate Danny Leroy Logue aka Danny Ray Sturgis ("Petitioner"), filed a *pro se* petition for *habeas corpus* relief under 28 U.S.C.S. § 2241 (2026). Petition (ECF No. 1.) While serving a life sentence without opportunity for parole, Petitioner was transferred from the Utah State Prison to the Utah State Correctional Facility. Petitioner contends that the Utah Department of Corrections failed to afford him due process as required by the United States Constitution because he was transferred without a judicial modification of his original sentence. ECF No. 1, at 6. Respondent moves to dismiss, arguing that Petitioner fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Petition is DISMISSED because it fails to raise any cognizable claims.

**STANDARD OF REVIEW**

Petitioner's *pro se* pleadings are entitled to liberal construction. *See, Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotations omitted) (internal citations omitted.) *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the

1

pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") "Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

A motion to dismiss may be granted when the petition has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a petition must present factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

The Tenth Circuit Court of Appeals has affirmed that "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Fleming v. Coulter*, 573 Fed. Appx. 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). Further, "courts have no obligation to permit a pleading amendment when a litigant does not file a formal motion for leave to amend." *Id.* (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)). Finally, dismissal without leave to amend is

appropriate where a motion to dismiss has provided petitioner with notice of defects in his petition and the petitioner declined to avail himself of the opportunity to correct the deficiency. *Id*.

## ANALYSIS

Petitioner fails to state a cognizable claim that his federal rights have been violated. The Due Process Clause does not protect a duly convicted prisoner against transfer from one institution to another within the state prison system. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Id*. at 224. Utah law allows the Department of Corrections to "transfer offenders from one correctional facility to another." U.C.A. § 64-13-14(3) (2026.) The Due Process Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Petitioner has offered no support for the propositions that his sentence required that he be confined only in the Utah State Prison, or that transfer to another facility required a judicial order. Petitioner has not filed a memorandum in support of the conclusory claims in the Petition.

Petitioner was put on notice of the possible deficiencies in his Petition by Respondent's motion to dismiss. *See* ECF No. 4 (filed June 6, 2025). Respondents asserted three bases for their motion to dismiss: 1) inmates have no constitutional due process interest protecting a right to be confined in a particular institution; 2) Petitioner's claims are untimely; and 3) Petitioner failed to exhaust his remedies as required by 28. U.S.C.A. § 2254(b)(1).

Petitioner's Memorandum in Opposition to the Motion to Dismiss argues that Respondents miscalculated the statute of limitations, but does not confront either of the other issues raised in the motion to dismiss. Petitioner has also declined to avail himself of the opportunity to amend the Petition to allege sufficient facts to raise a viable claim for relief. Therefore, dismissal without leave to amend is appropriate. *See Fleming v. Coulter*, 573 Fed. Appx. at 769.

## CERTIFICATE OF APPEALABILITY

Petitioner is not entitled to a certificate of appealability. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." U.S.C.S. 2253(c)(2) (2026). The Supreme Court has clarified the standard for obtaining a certificate of appealability after a habeas petition is denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, Petitioner is not entitled to a certificate of appealability because he has not alleged sufficient facts to establish that jurists of reason would find it debatable that the Petition states a valid claim of a denial of a constitutional right.

## CONCLUSION

Petitioner fails to state a claim upon which relief can be granted in federal court.

**IT IS THEREFORE ORDERED** that the motion to dismiss is **GRANTED.** The Petition for habeas corpus is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.

Petitioner's motion to strike (ECF No. 8) is **DENIED** for mootness.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 23rd day of January 2026.

BY THE COURT

_/s/ Ann Marie McIff Allen_
JUDGE ANN MARIE MCIFF ALLEN
United States District Court